**Jessie Lucille SMOOT, Administratrix of the Estate of Glenn Jay Smoot, Deceased, Appellant,**

v.

**CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, a Corporation, and Edward Bartholomew, an Individual, Appellees.**

**No. 9135.**

United States Court of Appeals
Tenth Circuit.

May 31, 1967.

---

Howard K. Berry, Oklahoma City, Okl. (Fred M. Hammer, Oklahoma City, Okl., with him on the brief), for appellant.

Loyd Benefield, of Savage, Gibson, Benefield & Shelton, Oklahoma City,

Okl. (A. Francis Porta, El Reno, Okl., with him on the brief), for appellees.

Before MURRAH, Chief Judge, and PICKETT and HICKEY, Circuit Judges.

PICKETT, Circuit Judge.

Glenn J. Smoot was killed in Oklahoma City, Oklahoma, when a car which he was driving collided at a railroad crossing with a freight train belonging to the appellee, Chicago, Rock Island and Pacific Railroad Company. Smoot's widow, as Administratrix of his estate, brought this action for damages in the District Court of Oklahoma County, Oklahoma, against the railroad and Edward Bartholomew, an alleged employee of the railroad. Complete diversity between the plaintiff and defendants did not exist, as Bartholomew was a citizen of Oklahoma. The railroad, nevertheless, removed the case to federal court, alleging that Bartholomew was not an employee and agent of the railroad at the time alleged in the complaint and that his joinder as a defendant in the action constituted "a legal fraud" upon the petitioner and upon the United States District Court for the Western District of Oklahoma. The removal was accompanied by a motion to dismiss the action as to Bartholomew, with his supporting affidavit to the effect that his employment with the railroad had terminated almost fifteen months before the collision and that he was in no way connected with the acts of negligence ascribed to him. A motion to remand stated that the plaintiff had in good faith alleged a cause of action against Bartholomew, but neither the allegations of the removal petition nor the statements in Bartholomew's affidavit were denied. The trial court sustained the motion to dismiss as to Bartholomew and overruled the motion to remand. Thereafter the railroad's motion for summary judgment was sustained and an order entered thereupon.

Relying upon a recent decision of the Supreme Court of Oklahoma, J. C. Penney Co. v. Barrientez, 411 P.2d 841, appellant vigorously contends that the allegations of the complaint were adequate to state a cause of action against Bartholomew and that the motion to remand should have been granted. The Penney case undertook to clarify the existing Oklahoma case law as to the joint liability of an employer and employee for negligence. It holds that if an employer's premises are in the custody and control of an employee who is responsible to his employer for dangerous conditions existing on the premises, then he is liable for injuries to invitees to the same extent as the employer. The issue here, however, is not that of the liability of Bartholomew if he were an employee of the railroad, but whether the allegations of employment were without factual basis and a complete sham. The complaint alleges that Bartholomew "at all times concerned herein, was in the employ of the defendant corporation as supervisor in charge of the installation and maintenance of automatic warning and safety signals * * * "; that he "was responsible for the maintenance, and the proper operation, of the automatic signals" at the crossing where the accident occurred; that "he failed to make reasonable inspection" of the signal system and permitted "it to become defective and out of repair", thereby causing malfunctions which resulted in the collision which caused the death of Smoot. The sole basis for appellant's claim against Bartholomew was his alleged negligence as an employee of the railroad.

The motion to remand and the motion to dismiss were heard at the same time. The record discloses without contradiction that Bartholomew discontinued his employment with the railroad on May 16, 1964 and thereafter had nothing to do with the installation or maintenance of the signal system and had no knowledge of its completion status.

While issues of liability may not ordinarily be determined on a motion to remand, it is well settled that upon allegations of fraudulent joinder designed

to prevent removal, federal courts may look beyond the pleadings to deteimine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal. Wilson v. Republic Iron Co., 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144; Leonard v. St. Joseph Lead Co., 8 Cir., 75 F.2d 390. In Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85, this court said:

"In many cases, removability can be determined by the original pleadings and normally the statement of a cause of action against the resident defendant will suffice to prevent removal. But upon specific allegations of fraudulent joinder the court may pierce the pleadings, Chesapeake & O. Ry. v. Cockrell, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544; Nunn v. Feltinton, 5 Cir., 294 F.2d 450; Morris v. E. I. DuPont DeNemours & Co., 8 Cir., 68 F.2d 788, consider the entire record, and determine the basis of joinder by any means available. McLeod v. Cities Serv. Gas. Co., 10 Cir., 233 F.2d 242. The joinder of a resident defendant against whom no cause of action is stated is patent sham, Parks v. New York Times Co., 5 Cir., 308 F.2d 474, and though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists, Lobato v. Pay Less Drug Stores, Inc., 10 Cir., 261 F.2d 406.

This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty. McLeod v. Cities Serv. Gas. Co., supra."

█ The non-liability of Bartholomew having been established with complete certainty upon undisputed evidence, it was then subject to summary determination, and, as said in Dodd v. Fawcett Publications, Inc., supra, 329 F.2d at p. 85, his "continued joinder serves only to frustrate federal jurisdiction. In such case the joinder is fraudulent." We find no error in overruling the motion to remand, or in sustaining the motion to dismiss as to Bartholomew, which was treated as a motion for summary judgment. Rule 12(b), F.R.Civ.P.

It is alleged in the complaint that at 7:30 A.M. on August 6, 1965, Smoot was driving his automobile in a northerly direction on a four-lane highway near Oklahoma City, Oklahoma when the vehicle collided with an eastbound train of the defendant at an intersection of the highway and the railroad tracks, resulting in Smoot's death. Numerous acts of negligence on the part of the railroad are alleged to have caused the collision.[1]

---

1. The specific allegations of negligence are:

"(a) it was operating its train at a high, reckless and dangerous rate of speed of 60 miles per hour; that said speed was greater than was reasonable, prudent and proper under existing circumstances and conditions; that circumstances and conditions existing, and influencing the reasonableness of speed, included the hazy and misty atmospheric conditions which reduced normal visibility at the crossing, its approach upon a known heavily travelled highway crossing, the defective condition of the automatic warning system and signal at the said crossing, and the presence, and approach, of the deceased on the highway, at the said crossing;

(b) it failed to issue warning of its approach upon the crossing by sounding the whistle on the locomotive, or ring-

ing the bell, in accord with the requirements of ordinary prudence, and in accord with the requirements of State law;

(c) it caused, suffered and permitted the automatic signalling and warning equipment at the Morgan Road crossing to become defective, and out of adjustment and repair, so that with the approach of the said train, the said system failed to activate the signals, and failed to issue adequate warning to the deceased as he approached the said crossing;

(d) it failed and neglected to install, maintain and furnish a reasonably safe public crossing consistent with the location concerned and the volume of traffic which said crossing would be known to accommodate, in accord with the requirements of Oklahoma Law, and consistent with ordinary care and diligence."

The railroad's motion for summary judgment establishes without contradiction that when the collision occurred the train was traveling at from 45 to 50 miles per hour, and that the front end of the engine had already crossed the intersection when Smoot's vehicle struck it at a point approximately 30 feet behind the front end. Holding that there was no genuine issue of fact under Oklahoma law, the trial court sustained the motion and entered judgment for the railroad.

 Standards for granting a summary judgment under Rule 56(c), F.R. Civ.P., were discussed by this court in Bushman Construction Co. v. Conner, 10 Cir., 307 F.2d 888, 892–893, and summarized as follows:

"While it is the duty of the trial court to grant a motion for summary judgment in an appropriate case, the relief contemplated by Rule 56 is drastic, and should be applied with caution to the end that the litigants will have a trial on bona fide factual disputes. Under the rule no margin exists for the disposition of factual issues, and it does not serve as a substitute for a trial of the case nor require the parties to dispose of litigation through the use of affidavits. The pleadings are to be construed liberally in favor of the party against whom the motion is made, but the court may pierce the pleadings, and determine from the depositions, admissions and affidavits, if any, in the record whether material issues of fact actually exist. If, after such scrutiny, any issue as to a material fact dispositive of right or duty remains the case is not ripe for disposition by summary judgment, and the parties are entitled to a trial."

See also, Frey v. Frankel, 10 Cir., 361 F.2d 437; Bolack v. Underwood, 10 Cir., 340 F.2d 816.

In support of the summary judgment, it is contended that it having been established without dispute that the train was struck by Smoot's automobile while it was crossing the intersection, the Oklahoma decisions preclude recovery. In a number of cases the Oklahoma Supreme Court has denied recovery from a railroad company for injuries sustained when a train, while occupying an interesection, was struck by a motor vehicle. In Oklahoma City-Ada-Atoka Ry. Co. v. Nickels, 343 P.2d 1094, the court reviewed its decisions which had considered the liability of railroads for damages resulting from motor vehicles being driven into a train occupying a highway crossing and followed Kansas, Oklahoma & Gulf Ry. Co. v. Painter, 333 P.2d 547, 548, where the general rule was stated:

"Ordinarily, the presence of a train or railway cars on a crossing, whether moving or stationary, is sufficient notice to a driver of a vehicle on the highway of such obstruction and, in the absence of unusual circumstances, the operating railway company is not under any duty to provide any other notice or warning."

See also, Holt v. Thompson, 10 Cir., 115 F.2d 1013; Wm. A. Smith Constr. Co. v. Brumley, 10 Cir., 88 F.2d 803; Cain v. St. Louis-San Francisco R. Co., Okl., 293 P.2d 355; Atchison, T. & S. F. Ry. Co. v. Templar, 204 Okl. 460, 230 P.2d 907; Raley v. Thompson, 203 Okl. 633, 225 P.2d 171; Thompson v. Carter, 192 Okl. 579, 137 P.2d 956; Lowden v. Bowles, 188 Okl. 35, 105 P.2d 1061. In all of the cases cited, the train had either stopped at the intersection or was moving slowly across it. With the exception of Raley v. Thompson, supra, which was decided on demurrer to the petition,[2] they all were decided on the sufficiency of plaintiff's evidence following trial.

2. The complaint in Raley v. Thompson, 203 Okl. 633, 225 P.2d 171, set forth that defendant's freight train was traveling slowly over the crossing when it was struck by plaintiff's automobile after the engine and 25 cars had passed.

The proof of the railroad on its motion for summary judgment showed that the train was traveling at 45 to 50 miles per hour. The complaint alleges that its speed was 60 miles per hour. At either speed, however, its occupancy of the intersection prior to the collision was only a fraction of a second. It was also alleged that the railroad had permitted its automatic signal and warning equipment at the intersection to become defective and out of repair to such an extent that it was not activated by the approach of the train, and that this particular train failed to give warning as it approached the intersection by sounding the whistle or ringing the bell as required by state law.

█ █ █ The Oklahoma decisions which preclude recovery of damages for one who drives his vehicle into a train already on a railroad crossing are premised upon the theory that the train's presence on the crossing in itself constitutes sufficient notice or warning to the driver of a vehicle. Common sense dictates that, to be meaningful, such notice or warning by occupancy must be timely enough to alert the driver of a motor vehicle to the impending danger and afford him adequate opportunity to take the necessary precautions to prevent a collision. See Webster's Third New International Dictionary, "warn"; 93 C.J.S. Warn. The train and Smoot's automobile converged upon the crossing almost simultaneously. It is quite clear that the train's occupancy of the crossing prior to the collision was so brief that it could not have been effective as a warning of danger and therefore did not constitute legal notice thereof within the meaning of the Oklahoma decisions. This appeal presents no issue, however, as to the negligence of the railroad or the contributory negligence of Smoot.

The Order Overruling the Motion to Remand and the Judgment of Dismissal as to Bartholomew are affirmed. The summary judgment in favor of the Chicago, Rock Island & Pacific Railroad Company is reversed and the case is remanded for further proceedings.

